Moza-Guerrero v. Blanche

BIA
Taylor, IJ
A220 789 339/340/341

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
RAYMOND J. LOHIER, JR.,
    *Chief Judge*,
DENNIS JACOBS,
STEVEN J. MENASHI,
    *Circuit Judges.*

_____

CESAR ESAU MOZA-GUERRERO,
KARLA ALAS-CASTRO, K.M.M.-A.,
    *Petitioners*,

v.                                                          24-38
                                                            NAC

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

**FOR PETITIONERS:**      Joshua Goldshlager, Esq., Glen Cove, NY.

**FOR RESPONDENT:**      Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Cesar Esau Moza-Guerrero, Karla Alas-Castro, and their minor child, natives and citizens of El Salvador, seek review of a December 4, 2023 decision of the BIA affirming a May 19, 2022 decision of an Immigration Judge ("IJ") denying Moza-Guerrero's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Moza-Guerrero*, Nos. A-220-789-339/340/341 (B.I.A. Dec. 4, 2023), *aff'g* Nos. A-220-789-339/340/341 (Immigr. Ct. N.Y.C. May 19, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Congress has specified that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we "review the agency's factual findings … under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or

will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "'[U]nfulfilled threats alone' rarely qualify as persecution." *KC v. Garland*, 108 F.4th 130, 135 (2d Cir. 2024) (quoting *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020)). "Instead, an applicant must show that the threat was 'imminent or concrete' or 'so menacing as itself to cause actual suffering or harm.'" *Id.* (quoting *Scarlett*, 957 F.3d at 328). Moreover, "[t]o qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh*, 11 F.4th at 114 (internal quotation marks omitted) (quoting *Scarlett*, 957 F.3d at 328.

The IJ did not err in concluding that Moza-Guerrero did not experience past harm rising to the level of persecution. Though the gang approached him and threatened physical violence unless he complied with their demands, the threats were vague and were not carried out when Moza-Guerrero refused to comply. He has not shown that those threats—or threats received via Facebook—were so imminent as to cause him actual harm. *See KC*, 108 F.4th at 136-37 (concluding that death threats from Maoists in China did not rise to the level of persecution even though the applicant's father had been beaten by Maoists). Without a demonstration of past persecution, he is not eligible for humanitarian asylum. *See Kone v. Holder*, 596 F.3d 141, 153 (2d Cir. 2010) (identifying "humanitarian asylum's foundational requirement that the applicant must herself establish past persecution and herself be a refugee").

Absent past persecution, Moza-Guerrero had the burden to establish a well-founded fear of future persecution, which required him to show that his fear was objectively reasonable, that future harm would be on account of a protected ground, and that the government would be unable or unwilling to protect him. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), 1101(a)(42)(A); *see also Singh*, 11 F.4th at 115; *Scarlett*, 957 F.3d at 328. Moza-Guerrero does not challenge the agency's finding that he did not establish that Salvadoran authorities are unwilling or unable to control gang violence and would not take some steps to protect him.

3

Accordingly, he has "abandoned" any such claim. *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997)). This issue is dispositive of both asylum and withholding because his claim is based on a fear of gang members rather than state actors. *See Singh*, 11 F.4th at 115 ("[F]or mistreatment inflicted by [non-state actors] to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers."). Thus, the IJ did not err by declining to address whether there was a nexus between the threats and Moza-Guerrero's proposed particular social groups or an imputed political opinion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). For the same reason, we do not reach Moza-Guerrero's arguments on these issues.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
